```
              UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

**UNITED STATES OF AMERICA**

**v.**                                           **CRIMINAL NO. 5:23-CR-4-DCB-FKB**

**NORKEITHUS MALIK REED**

### MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is Norkeithus Malik Reed ("Defendant")'s Motion to Dismiss the Indictment, [ECF No. 22] (the "Motion"), in which Defendant contends that 18 U.S.C. § 922(g)(1)[1] is unconstitutional under the Second Amendment.[2]  [ECF No. 22] at 1.

---

[1] Section 922(g)(1) provides in pertinent part:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
…
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. § 922(g)(1).

[2] The Second Amendment to the United States Constitution provides:  A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

Relying on New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), Defendant argues that the Government cannot meet its burden of establishing "the existence of a historical tradition of disarming felons." [ECF No. 22] at 12; see Bruen, 597 U.S. at 19 ("… the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."). The Government opposes the Motion and references approximately 120 post-Bruen decisions from federal districts nationwide that upheld the constitutionality of the "felon prohibition." [ECF No. 23] at 15 & n. 6.[3]  Having examined the Motion, the parties' submissions, and applicable legal authority, the Court finds that the Motion should be denied.

## DISCUSSION

On April 4, 2023, a federal grand jury indicted Defendant on a charge of felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [ECF No. 1]. Defendant now challenges the indictment on constitutional grounds - as applied

---

[3] The Government's case list includes an opinion issued by this Court, United States v. Cockerham, No. 5:21-CR-6-DCB-FKB, 2022 WL 4229314 (S.D. Miss. Sept. 13, 2022), which held that 18 U.S.C. § 922(g)(1) was not unconstitutional and that there was no reason to dismiss the indictment against the defendant. Cockerham, 2022 WL 4229314, at *2.

to him[4] - and moves this Court to dismiss the indictment. [ECF No. 22]. Federal Rule of Criminal Procedure 12(1) permits a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." In the Fifth Circuit, "[t]he propriety of a motion to dismiss an indictment ... by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." United States v. Fontenot, 662 F.3d 640, 644 (5th Cir. 2011) (citations omitted). "If a question of law is involved, then consideration of the motion is generally proper." Id. Defendant's Second Amendment constitutional challenge to 18 U.S.C. § 922(g)(1) raises a matter of law that can properly be decided before trial.

Section 922(g)(1) prohibits any person convicted of a "crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. Because the Second Amendment presumptively protects the proscribed conduct, Bruen requires that the "government must then justify its regulation by

---

[4] "In an as-applied challenge, the court asks whether a law with some permissible uses 'is nonetheless unconstitutional as applied to appellant's activity … .'" United States v. Bullock, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309, at *5 (S.D. Miss. June 28, 2023) (quoting Spence v. Washington, 418 U.S. 405, 414 (1974)).

3

demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." Bruen, 597 U.S. at 24. Defendant argues that the Government cannot satisfy this requirement.

Defendant's Second Amendment challenge to Section 922(g)(1) under Bruen is not new and has been extensively litigated in the federal courts of our district.  As recently noted in United States v. Gwinn, No. 1:23-CR-50-LG-RPM-1, 2023 WL 8242711 (S.D. Miss. Nov. 28, 2023), "there is a virtual unanimity in the district courts of the Fifth Circuit upholding section 922(g)(1) in Bruen's wake." Id. at *1; contra Bullock, 2023 WL 4232309 at *31, appeal docketed (5th Cir. July 31, 2023).  Many courts in our circuit have thoroughly chronicled and analyzed the development of pre-Bruen and post-Bruen caselaw, so there is no need to repeat that narrative here.  See, e.g., United States v. Brown, No. 4:23-CR-00071, 2023 WL 8794641, at *2-*3 (N.D. Miss. Dec. 20, 2023) (tracing the relevant case history since District of Columbia v. Heller, 554 U.S. 570 (2008)); United States v. Schnur, No. 1:23-CR-65-LG-BWR-1, 2023 WL 4881383, at *1-*10 (S.D. Miss. July 31, 2023) (exhaustive history of pre-Bruen and post-Bruen cases, as well as an in-depth historical analysis of

4

the Second Amendment, including historical support for felon disarmament at the time of America's founding).[5]

Defendant correctly observes in his reply brief that the Fifth Circuit has not yet ruled on the constitutionality of Section 922(g)(1) in a case where the Bruen challenge was properly preserved at the trial level. [ECF No. 28] at 6. The Fifth Circuit has, however, consistently upheld Section 922(g) convictions under the plain error standard of review in appeals where the Bruen challenge was not raised and preserved pre-conviction. See, e.g., United States v. Murray, No. 23-10234,

---

[5] Of note from the historical analysis in Schnur is the following excerpt:

Most writers and historians agree. From time immemorial, various jurisdictions recognizing a right to arms have nevertheless taken the step of forbidding suspect groups from having arms. *See* Don B. Kates & Clayton E. Cramer, *Second Amendment Limitations and Criminological Considerations*, 60 Hastings L.J. 1339, 1360 (2009); *See also* Robert Dowlut, *The Right to Arms: Does the Constitution or the Predilection of Judges Reign?*, 36 Okla. L. Rev. 65, 96 (1983) ("Colonial and English societies of the eighteenth century, as well as their modern counterparts, have excluded infants, idiots, lunatics, and felons [from possessing firearms]."). Although the historical record provides no "dead ringer[s]," *Bruen*, 142 S.Ct. at 2133, courts have nevertheless found support for "the idea that the original understanding of the right codified by the Second Amendment permitted some categorical limits on the right to bear arms," including "the disarmament of persons deemed dangerous or a threat to public safety." *Zelaya Hernandez*, --- F.Supp.3d ----, 2023 WL 4161203 (citations omitted)

Schnur, 2023 WL 4881383, at *9.

2024 WL 21398, at *1–2 (5th Cir. Jan. 2, 2024); United States v. Jones, 88 F.4th 571, 573–74 (5th Cir. 2023) (decided November 21, 2023); United States v. Roy, No. 22-10677, 2023 WL 3073266, at *1 (5th Cir. Apr. 25, 2023), cert. denied, 144 S. Ct. 234 (2023); United States v. Hickcox, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023), cert. denied, 144 S. Ct. 237 (2023). Mindful of the procedurally distinct plain error standard of review applicable to the above-referenced post-conviction appeals, the Court nonetheless finds instructive the Fifth Circuit's synopsis of current Section 922(g)(1) law in United States v. Jones:

> Before *Bruen*, this court held that § 922(g)(1) does not violate the Second Amendment. *See, e.g., United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003). And in his concurring opinion in *Bruen*, Justice Kavanaugh—quoting *District of Columbia v. Heller*, 554 U.S. 570, 626-27, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), and *McDonald v. Chicago*, 561 U.S. 742, 786, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010)—stated: "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (internal quotation marks omitted).
>
> This court has not yet addressed the impact of *Bruen* on the constitutionality of § 922(g)(1) in a case in which the issue was preserved in the district court.
>
> …
>
> The Third and Eighth Circuits have considered the constitutionality of § 922(g)(1) after *Bruen* and reached conflicting results. *See Range v. Att'y Gen.*, 69 F.4th 96, 98-99 (3d Cir. 2023) (en banc) (rejecting the Government's argument that statements in *Heller, McDonald*, and *Bruen* seemingly approved of felon

6

disarmament and holding that the defendant remained one of the people protected by the Second Amendment given his particular felony conviction and had a right to purchase a hunting rifle and shotgun for self-defense); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (holding that "[t]he longstanding prohibition on possession of firearms by felons is constitutional").

**Given the absence of binding precedent holding that § 922(g)(1) is unconstitutional, and that it is unclear that Bruen dictates such a result**, we have rejected plain-error challenges to § 922(g)(1) under *Bruen* in several unpublished opinions. *See, e.g., United States v. Roy*, No. 22-10677, 2023 WL 3073266 (5th Cir. Apr. 25, 2023) (unpublished), *cert. denied*, No. 23-5188, --- U.S. ----, 144 S.Ct. 234, --- L.Ed.2d ---- (U.S. Oct. 2, 2023); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054 (5th Cir. Apr. 25, 2023) (unpublished), *cert. denied*, No. 23-5130, --- U.S. ----, 144 S.Ct. 237, --- L.Ed.2d ---- (U.S. Oct. 2, 2023); *United States v. Pickett*, No. 22-11006, 2023 WL 3193281, 1 (5th Cir. May 2, 2023) (unpublished); *United States v. Smith*, No. 22-10795, 2023 WL 5814936 (5th Cir. Sept. 8, 2023) (unpublished); *United States v. Racliff*, No. 22-10409, 2023 WL 5972049 (5th Cir. Sept. 14, 2023) (unpublished); *United States v. EtchisonBrown*, No. 22-10892, 2023 WL 7381451 (5th Cir. Nov. 7, 2023) (unpublished). The different conclusions reached by the Third and Eighth Circuits noted above further support the conclusion that this unsettled question is not clear or obvious error. *See Salinas*, 480 F.3d at 759. Accordingly, we conclude that Jones has failed to demonstrate that the district court's application of § 922(g)(1) constitutes plain error.

Jones, 88 F.4th at 573-74 (emphasis added).  Until the United States Supreme Court or the Fifth Circuit rules otherwise, this Court remains unpersuaded that Section 922(g)(1) violates the

Second Amendment.  Finding no reason to dismiss the indictment against Defendant, the Motion to Dismiss will be denied.[6]

Accordingly,

IT IS ORDERED THAT the Motion to Dismiss Indictment [ECF No. 22] is **DENIED**.

SO ORDERED this 8th day of January 2024.

```
                              /s/ David Bramlette
                         UNITED STATES DISTRICT JUDGE
```

---

[6] In his reply brief, Defendant asserts two "motions to strike" against the Government on procedural grounds.  [ECF No. 28] at 3-4.  These motions to strike were not properly filed in the Clerk's Office and do not appear on the docket for this case. Motions intended to be an application for relief must be filed with the Clerk of Court in the form prescribed by Uniform Local Criminal Rule 47 and in accordance with Fed. R. Crim. P. 12(b). See Wealthmark Advisors Inc. v. Phoenix Life Ins. Co., No. SA16CA00485FBESC, 2017 WL 3495194, at *1 (W.D. Tex. Aug. 15, 2017), report and recommendation adopted, No. SA-16-CA-485-FB, 2018 WL 1905119 (W.D. Tex. Feb. 21, 2018), aff'd, 804 F. App'x 229 (5th Cir. 2020) (finding it procedurally improper to request affirmative relief in a response brief).  In any event, the issues raised by Defendant regarding the Government's reference to his pending charges in another jurisdiction and the total page length of the Government's responsive brief had no substantive effect on the Court's disposition of the Motion to Dismiss Indictment.